IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALICE L. STEWART,

    Plaintiff(s),

v.

DUQUESNE UNIVERSITY OF THE HOLY SPIRIT,

    Defendant(s).

10cv0981
**ELECTRONICALLY FILED**

**MEMORANDUM ORDER**

Before the Court is plaintiff, Alice L. Stewart's Motion to Dismiss the Counterclaim of Defendant Duquesne University for alleged violation of 42 P.S. § 8351 (The Dragonetti Act). Defendant alleges in its Counterclaim that plaintiff engaged in the wrongful use of civil proceedings in violation of the Dragonetti Act when she initiated her claim of sexual harassment (as contained in Count I of her Original Three Count Complaint) that was "terminated in favor of Duquesne when Stewart withdrew the claim on August 23, 2010." Doc. No. 17 at 52.

On July 27, 2010, plaintiff initiated this employment discrimination lawsuit against the defendant with the filing of a three count Complaint alleging sexual harassment and gender discrimination, retaliation and breach of contract. Doc. No. 1. Following the filing of a Motion to Dismiss plaintiff's claim of sexual harassment on the basis that it was not timely filed (doc. no. 5), on August 23, 2010, plaintiff filed her First Amended Complaint wherein she eliminated her claim of sexual harassment. Doc. No. 11. Her First Amended Complaint maintains her

1

original claims of gender discrimination, retaliation, and breach of contract, and adds individual defendants, and three new counts (defamation, PHRA, and aiding and abetting).  Doc. No. 11.  On August 27, 2010, defendant filed a Motion for Attorney's Fees seeking an award of attorney's fees for the time it spent litigating the claim of sexual harassment, on the basis that it was "so blatantly time-barred, it meets the requisite standard for an award of fees to a prevailing defendant under Title VII of the Civil Rights Act of 1964, as amended." Doc. No. 16 at 1.  On August 30, 2010, this Court, by text Order, denied said Motion without prejudice as premature.  Then, on September 7, 2010, defendant filed its Answer to the Amended Complaint and Counterclaim alleging violation of the Dragonetti Act.  Doc. No. 17.  On September 24, 2010, plaintiff filed a Motion to Dismiss said Counterclaim under Fed. R. Civ. P. 12(b)(6).  Doc. No. 23.  On October 8, 2010, defendant filed its response thereto.  Doc. No. 28.

Plaintiff argues that the Counterclaim must be dismissed because claims for wrongful use of civil proceedings may not be asserted in a Counterclaim since said claims are not ripe until the underlying proceedings have concluded in their entirety.

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S.544 (2007), a complaint (counterclaim) may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(quoting *Twombly*, 550 U.S. at 570).  While *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly,* and most recently, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536 (May 18, 2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Marangos v. Swett*, 2009 WL 1803264, *2 (3d Cir. 2009), citing *Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536, *12. The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Swett*, quoting *Iqbal.* While well-pleaded factual content is accepted as true for purposes of whether the complaint (counterclaim) states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Swett*, quoting *Iqbal*, at *13. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, quoting Fed. R. Civ. P. 8(a)(2).

In considering a Rule 12(b)(6) motion, a court accepts all of the factual allegations as true and construes all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008)(citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff (or counterclaimant) should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482

(3d Cir. 2000).

Therefore, a plaintiff (or counterclaimant) must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Wilkerson v. New Media Tech. Charter Sch.,* Inc., 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224). However, this standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, Civil Action No. 08-411, 2008 U.S. Dist. LEXIS 57988, at * 7 (W.D. Pa. July 30, 2008)(citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S. at 555).

Viewed in light of the forgoing liberal pleading standards, this Court finds that the allegations of the Counterclaim, when taken as true, do not, at this juncture, allow the Court to draw a reasonable inference that plaintiff is liable for the misconduct alleged, and that the allegations in the Counterclaim meet the standards as enunciated in *Twombly* and *Iqbal*. See also, *Fowler v. UPMC Shadyside*, no. 07-4285 (3d Cir. August 18, 2009), quoting *Iqbal*, 129 S.Ct. At 1949. ("To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged.'").

In order to successfully allege a wrongful use of civil proceedings under the Dragonetti Act, defendant/counter claimant must plead and prove three (3) essential elements: (1) wrongful initiation of civil proceedings without probable cause against the [defendant], (2) with malice, and (3) *proceedings must have terminated in favor of the [defendant]*. *In re Larsen*, 616 A.2d 529, 587 (Pa. 1992) (emphasis added).

4

Plaintiff argues, and this Court agrees, that the civil proceedings in this case are far from being terminated, only that one count of the original Complaint was dropped, and therefore defendant's Counterclaim must be dismissed as unripe at this time. Plaintiff cites numerous cases decided by the United States District Courts of Pennsylvania, for the proposition that Counterclaims alleging a wrongful use of civil proceedings are *de facto* unripe where all proceedings have not terminated. *Todi v. Stursberg*, 2001 WL 1557517 (E.D. Pa. Dec. 4, 2001); *Access Fin. Lending Corp. v. Keystone State Mortg. Corp.*, 1996 WL 544425 (W.D. Pa. Sept. 4, 1996); *Zappala v. Hub Foods, Inc.,* 683 F.Supp. 127, 131 (W.D. Pa. 1988); *Selas Corp. of Am. v. Wilshire, Oil Co. of Tex.*, 344 F.Supp. 357, 359 (E.D. Pa. 1972). Defendant has not alleged any fact which would allow this Court to draw any reasonable inference that the civil proceedings have been terminated in favor of defendant at this time. Therefore, the filing of this Counterclaim is unripe. Accordingly,

**AND NOW, this 12th day of October, 2010,** after due consideration to plaintiff's Motion to Dismiss the Counterclaim (doc. no. 23), and defendant's response thereto (doc. no. 28), **IT IS HEREBY ORDERED** that said Motion to Dismiss (doc. no. 23) is GRANTED. The filing of any claim for alleged violation of the Dragonetti Act, 42 P.S. § 8351 may be pursued, if appropriate, at the conclusion of the underlying proceedings, should the proceedings terminate in favor of defendant.

SO ORDERED this 12th day of October, 2010.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties